IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

G.C.,                                    *

    Petitioner,                          *

vs.                                      *

Warden, STEWART DETENTION              *   CASE NO. 4:25-cv-366-CDL-CHW
CENTER,
                                         *
    Respondent.                          *

                                             *

O R D E R

The Magistrate Judge entered a recommendation on February 24, 2026, recommending that the Court enter an order directing Respondent to provide Petitioner a bond hearing. Respondent filed an objection to the recommendation, and the Court reviews the recommendation *de novo*. Although it is a close call, the Court agrees with the Government that *P.R.S.* is distinguishable because here (1) Petitioner arrived at a port of entry seeking admission; (2) the Government proceeded with removal proceedings; and (3) although there has been a delay, the Government never substantively abandoned removal proceedings. Under these circumstances, Petitioner is detained under 1225(b)(1) and not 1226(a). In *P.R.S.,* the important question was not just whether the Government dismissed and re-initiated removal proceedings. But, the key was whether the Government abandoned those original removal

proceedings such that the subsequent removal proceedings should be deemed new proceedings disconnected from the original proceedings. In *P.R.S.,* the Government determined that removal of M.M.M. was no longer in the Government's best interest, and it thus abandoned removal.  Then, it waited over a year to initiate new proceedings. It in essence gave up on removing M.M.M., but then changed its mind a year later.  Here, the Government did not abandon removal of Petitioner.  While it dismissed the original proceedings, it did so in order to pursue expedited removal.  It subsequently pursued such removal but eventually concluded that expedited removal was not possible.  Instead of abandoning removal, it simply shifted gears and proceeded with non-expedited removal. The Court finds that this "shifting gears" does not cause a reclassification of a detainee from 1225(b)(1) to 1226(a).  Accordingly, all of Petitioner's claims that are dependent on Petitioner being classified as a 1226(a) detainee must be dismissed.  This matter is remanded to the Magistrate Judge for further consideration consistent with this Order.  If all of Petitioner's claims are dependent upon Petitioner being classified as a 1226(a) detainee, then the Magistrate Judge should recommend dismissal of the entire Petition for habeas corpus.

IT IS SO ORDERED, this 30th day of March, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE

2